# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WYONIA COX, individually, and on behalf of all others similarly situated

    Plaintiff,

v.

ACTION FINANCIAL SERVICES, LLC,

    Defendant.

Case No. 2:20-cv-10260

## CLASS ACTION COMPLAINT

**NOW COMES** Plaintiff, WYONIA COX, individually, and on behalf of all others similarly situated, by and through her undersigned counsel, complaining of Defendant, ACTION FINANCIAL SERVICES, LLC, as follows:

## NATURE OF THE ACTION

1. Plaintiff is seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. WYONIA COX ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant was domiciled in Detroit, Michigan.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

1

9. ACTION FINANCIAL SERVICES, LLC ("Defendant") is a limited liability company organized under the laws of Oregon.

10. Defendant maintains its principal place of business at 2055 Cardinal Avenue, Medford, Oregon 97504.

11. Defendant specializes in debt collection and collects debts on behalf of others nationwide.

12. Defendant is a is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

13. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 5300.

15. At all times relevant, Plaintiff's number ending in 5300 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

17. Plaintiff obtained a student loan (the "Loan") to complete a pharmacy technician program.

18. As result of an injury, Plaintiff was unable to work and was granted a deferment on the Loan by the student loan creditor.

19. After the deferment expired, Plaintiff defaulted on the Loan.

20. Soon thereafter, the Loan was placed with Defendant for collection.

21. The Loan is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal purposes.

22. In November 2019, Plaintiff started to receive collection calls from Defendant.

23. On multiple occasions, Plaintiff answered Defendant's collection calls.

24. Each time Plaintiff answered Defendant's collection calls, an artificial or prerecorded voice stated "please hold for the next available representative."

25. In each answered call, Plaintiff was transferred to a live representative.

26. Upon transfer, Plaintiff requested that Defendant cease its collection calls and to communicate with her in writing.

27. Despite Plaintiff's requests that the collection calls cease, Defendant continued to place collection calls to Plaintiff's cellular phone, including calls from the phone number (888) 253-4239.

28. In total, Defendant placed over 10 calls to Plaintiff's cellular phone after Plaintiff requested that the calls cease, including calls on:

> December 05, 2019 at 01:08 PM
> December 09, 2019 at 10:36 AM
> December 17, 2019 at 11:36 AM
> December 18, 2019 at 01:56 PM
> December 20, 2019 at 09:27 AM
> December 20, 2019 at 10:58 AM

## DAMAGES

29. Defendant's harassing phone calls have disrupted Plaintiff's daily life and general well-being.

30. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting

Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased daily productivity, aggravation that accompanies unwanted telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and functionality of her cellular phone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of his cellular phone.

31. Moreover, each time Defendant placed a telephone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

## **CLASS ALLEGATIONS**

32. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

33. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated (the "Putative Classes") defined as follows:

### **FDCPA Class**

All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) within the one year preceding the date of this complaint through the date of class certification; (3) in connection with the collection of a consumer debt; (4) after he/she requested that Defendant cease calls to his/her telephone number.

### **TCPA Class**

All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) within the four years preceding the date of this complaint through the date of class certification; (5) after he/she requested that Defendant cease calls to his/her telephone number.

34. The following individuals are excluded from the Putative Classes: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Classes; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity

35. Upon information and belief, the members of the Putative Classes are so numerous that joinder of them is impracticable.

36. The exact number of the members of the Putative Classes is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

37. The members of the Putative Classes are ascertainable because the classes are defined by reference to objective criteria.

38. The members of the Putative Classes are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

### B. Commonality and Predominance

39. There are many questions of law and fact common to the claims of Plaintiff and the Putative Classes, and those questions predominate over any questions that may affect individual members of the Putative Classes.

### C. Typicality

40. Plaintiff's claims are typical of members of the Putative Classes because Plaintiff and members of the Putative Classes are entitled to damages as result of Defendant's conduct.

**D.    Superiority and Manageability**

41. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

42. The damages suffered by the individual members of the Putative Classes will likely be relatively small, especially given the burden and expense required for individual prosecution.

43. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

44. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.    Adequate Representation**

45. Plaintiff will adequately and fairly represent and protect the interests of the Putative Classes.

46. Plaintiff has no interests antagonistic to those of the Putative Classes, and Defendant has no defenses unique to Plaintiff.

47. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

**COUNT I:**
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**
**(On behalf of Plaintiff and the Members of the FDCPA Class)**

48. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

## Violations of 15 U.S.C. § 1692d

49. Section 1692d of the FDCPA provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

50. Defendant violated 15 U.S.C. §§ 1692d and d(5) by continuing to place collection calls to Plaintiff after Plaintiff requested that the calls cease.

51. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff and designed to coerce payment on the Loan.

52. Defendant's conduct in continuing to place collection calls to Plaintiff after Plaintiff requested that the calls cease is inherently abusive and harassing.

**WHEREFORE**, Plaintiff on behalf of herself and the members of the FDCPA Class, request the following relief:

A. an order granting certification of the FDCPA class, including the designation of Plaintiff as the named representatives, and the appointment of the undersigned as Class Counsel;

B. a finding that Defendant violated 15 U.S.C. §§ 1692d and d(5);

C. an order enjoining Defendant from further violations of 15 U.S.C. §§ 1692d and d(5);

D. an award of any actual damages sustained by Plaintiff and the Members of the FDCPA Class as a result of Defendant's violations;

E. an award of such additional damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

F. an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant;

G. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

H. an award of such other relief as this Court deems just and proper.

## COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)
### (On behalf of Plaintiff and the Members of the TCPA Class)

53. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

54. Defendant placed or caused to be placed no less than 10 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone using an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

55. As set forth above, Defendant used an artificial or pre-recorded voice that automatically played once Plaintiff answered Defendant's collection call.

56. As a result of Defendant's violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive $500.00 in damages for each violation.

57. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the TCPA Class, requests the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order finding that Defendant violated the TCPA;

C. an order enjoining Defendant from placing or causing to place further violating calls to consumers;

D. an award of $500.00 in damages to Plaintiff and the members of the TCPA Class for each such violation;

E. an award of treble damages up to $1,500.00 to Plaintiff and the members of the TCPA Class for each such violation;

F. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

G. an award of such other relief as this Court deems just and proper.

**Plaintiff demands a trial by jury.**

Dated: January 31, 2020

Respectfully Submitted,

/s/ *Mohammed O. Badwan*

/s/ *Joseph S. Davidson*

Mohammed O. Badwan, Esq.
Joseph S. Davidson, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
Lombard, IL 60148
Phone (630) 575-8180
Fax: (630) 575- 8188
mbadwan@sulaimanlaw.com